UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARON HALCROMBE,<br><br>    Petitioner,<br><br>  v.<br><br>KEVIN HIXON,<br><br>    Respondent. | Case No. 24-cv-00450-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 5 |

## INTRODUCTION

Petitioner Laron Halcrombe seeks federal habeas relief from the state court's denial of his petitions to be resentenced under Senate Bill 567. The petition for such relief is DISMISSED because such a claim is based on state law and therefore federal habeas relief is unavailable.

## BACKGROUND

According to the petition, Halcrombe was convicted in the Alameda Superior Court of attempted murder and was, in 2021, sentenced to twenty-one years in state prison. (Pet., Dkt. No. 1 at 1.) In 2023, he petitioned the state courts for resentencing under Senate Bill 567, but he was denied relief. (*Id.* at 3-4.)

Senate Bill 567, which became effective on January 1, 2022, amended California Penal Code section 1170, in relevant part, to provide: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." *Malone v. Gastelo*, No. CV 21-04335 JLS (RAO), 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022).

## DISCUSSION

Violations of state law are not remediable on federal habeas review, even if state law were erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011). A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Whether Halcrombe is entitled to resentencing under Senate Bill 567 is a question of state law and is not cognizable on federal habeas review. *Malone*, 2022 WL 14966301, at *5 ("Petitioner's claims of entitlement to be re-sentenced under these recent amendments to California law is a question of state law and is not cognizable in a federal habeas corpus proceeding."); *Cummings v. CDCR Director*, No. 2:22-cv-00023-PA (AFM), 2022 WL 1063754, at *3 (C.D. Cal. Apr. 5, 2022) (claim seeking resentencing pursuant to Senate Bill 567 and Assembly Bill 518 did not present a cognizable claim in federal habeas corpus). Accordingly, the petition will be dismissed.

## CONCLUSION

The petition is DISMISSED for failure to state a claim for relief. A certificate of appealability will not issue. Petitioner Halcrombe has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He may seek a certificate of appealability in the Ninth Circuit Court of Appeals.

Halcrombe's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 5.)

The Clerk shall terminate Dkt. No. 5, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 20, 2024

_____
RITA F. LIN
United States District Judge